PREET BHARARA
United States Attorney
Southern District of New York
By:   TARA M. La MORTE
      Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2746
Fax No. (212) 637-2702
tara.lamorte2@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MICHAEL V. DOHERTY,                      :
                                         :
                        Plaintiff,       :        COMPLAINT
                                         :
        - against -                      :        11 Civ. _____
                                         :
CITY OF NEW YORK, NEW YORK               :        ECF CASE
CITY POLICE DEPARTMENT, and NEW          :
YORK CITY POLICE PENSION FUND,           :
                                         :
                        Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiff Michael V. Doherty ("Doherty"), by his undersigned attorneys from the U.S. Department of Justice pursuant to 38 U.S.C. § 4323, alleges as follows:

      1.      This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA").

### JURISDICTION AND VENUE

      2.      This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331.

      3.      Venue is proper in this district under 38 U.S.C. § 4323(c)(2) because defendants City of New York ("NYC"), New York City Police Department ("NYPD") and New York City

Police Pension Fund ("Pension Fund") maintain their principal place of business in this district. Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

## PARTIES

4. Doherty is a former employee of NYPD who resides in Lindenhurst, New York.

5. NYPD is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and 38 U.S.C. § 4323(i). NYPD is an agency of NYC.

6. NYC is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and 38 U.S.C. § 4323(i).

7. Pension Fund is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(C) and 38 U.S.C. § 4323(i). Pension Fund is an agency of NYC that, pursuant to the Administrative Code of the City of New York, has the powers and privileges of a corporation.

## FACTUAL ALLEGATIONS

8. Doherty joined the United States Coast Guard Reserves in 1987, and retired in 2007.

9. In 1984, Doherty began work at the NYPD. From July 1997, to his retirement on January 4, 2004, he held the position of Detective, third grade, and was assigned to Brooklyn South Night Watch, where he handled major crimes.

10. Since 1987, Doherty has performed his U.S. Coast Guard Reserve duties and has been called to active duty. For example, from January 28, 2003 to August 11, 2003, Doherty was mobilized in support of Operation Enduring Freedom. He was reactivated from February 2, 2004

2

to January 27, 2007. Doherty earned a number of awards and commendations for his U.S. Coast Guard Reserve service.

11. Throughout the time of his employment with NYPD, Doherty worked overtime hours, for which he was compensated. The NYPD compensated Doherty for most of his overtime work by cash payments. For other overtime hours worked, NYPD compensated Doherty with additional leave. The amount of compensation Doherty earned for working overtime hours depended upon, among other things, the time of day Doherty worked overtime hours.

12. During the periods of Doherty's active military service, NYPD employees had the opportunity to work, and did work, overtime hours. Had Doherty not been performing active military service, he would have been working overtime hours for NYPD.

13. Beginning in 1997, Doherty was assigned an overnight tour of duty, which required him to work between the hours of 11:00 p.m. and 8:00 a.m. Doherty earned night differential pay for performing this tour of duty. Had Doherty not performed active military service, he would have earned night differential pay from the NYPD. Upon returning to employment with NYPD following his active military service, Doherty was ultimately reassigned to Brooklyn South Night Watch, where he resumed his overnight tour of duty.

14. Doherty is a member of the Pension Fund. The Pension Fund operates pursuant to Title 13, Chapter 2, Subchapter 2 of the Administrative Code of the City of New York. The Pension Fund is responsible for, *inter alia*, performing pension payment calculations. Since his retirement from the NYPD on January 4, 2004, Doherty is entitled to receive, and has been receiving, an annual pension paid in equal monthly installments.

15. The Pension Fund must compute Doherty's compensation during his periods of active service in order to determine Doherty's pensionable earnings, which serves as the basis for Doherty's annual pension benefit.

16. In performing the computations described in paragraph 15 of this Complaint, the Pension Fund did not take into account the compensation Doherty would have received but for his periods of military service, including but not limited to overtime hours and night differential pay.

17. In performing the computations described in paragraph 15 of this Complaint, to the extent the compensation Doherty would have received but for his periods of military service was not reasonably certain, the Pension Fund did not rely upon Doherty's average rate of compensation, including overtime hours and night differential pay, during the 12-month period immediately preceding his periods of military service (or, if shorter, the period of employment immediately preceding such period).

18. NYPD is responsible for making pension contributions to the Pension Fund on behalf of the Pension Fund's members. The NYPD was responsible for making pension contributions on Doherty's behalf based on his pensionable earnings, including during the periods of Doherty's active military service.

19. NYC is responsible for making pension contributions to the Pension Fund on behalf of the Pension Fund's members. NYC was and is responsible for making pension contributions on Doherty's behalf based on his pensionable earnings, including during the periods of Doherty's active military service.

20. On or about August 11, 2010, in accordance with Section 4322(a)(1) of USERRA,

4

Doherty filed a complaint with the Veterans' Employment and Training Service of the United States Department of Labor, alleging that his compensation for pension purposes was not calculated as required by USERRA.

21.   NYC, NYPD and the Pension Fund violated Section 4318 of USERRA, among other ways, by failing to calculate Doherty's compensation for pension purposes during his periods of military service in accordance with the statutory commands.

22.   As a result of the statutory violations committed by NYC, NYPD and the Pension Fund, Doherty suffered the loss of pension benefits in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Doherty prays that the Court enter judgment against NYC, NYPD, the Pension Fund, and their respective officers, agents, employees, successors and all persons in active concert or participation with them, as follows:

A.   Declare that the Pension Fund's method of calculating compensation during periods of military service for purposes of determining liability for pension benefits is in violation of USERRA, 38 U.S.C. § 4318;

B.   Declare that the Pension Fund miscalculated Doherty's compensation during the periods of his military service, for purposes of determining liability for pension benefits in violation of USERRA, 38 U.S.C. § 4318;

C.   Declare that 38 U.S.C. § 4318 preempts any and all inconsistent NYC, NYPD, and Pension Fund rules, regulations, policies, and practices concerning the calculation of compensation during periods of military service and the calculation of pension benefits;

D.   Order that the Pension Fund recalculate compensation during periods of military

service in accordance with USERRA, 38 U.S.C. § 4318;

E.  Order that the Pension Fund recalculate Doherty's compensation during the periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

F.  Order that the Pension Fund calculate and inform Doherty of the amount of pension contributions owed by Doherty as a result of recalculating Doherty's compensation during the periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

G.  Order that NYC, the NYPD and the Pension Fund remit to Doherty the additional pension benefits owed to him as a result of recalculating his compensation during his periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

H.  Award Doherty prejudgment interest on the amount of pension benefits due; and

I.  Grant such other relief as may be just.

Dated:    May 19, 2011
          New York, New York

                                    PREET BHARARA
                                    United States Attorney

                            By:     _____
                                    TARA M. La MORTE
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Tel. No. (212) 637-2746
                                    Fax No. (212) 637-2702
                                    tara.lamorte2@usdoj.gov

                                    Attorneys for Plaintiff Michael Doherty